## Della Kornfeld, Appellee, v. Jones & Adams Coal Company, Appellant.

VERDICTS—*when set aside as against the evidence.* A verdict will be set aside on review where it is clearly and manifestly against the weight of the evidence.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Sangamon county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1911. Reversed and remanded. Opinion filed October 9, 1911.

BROWN, WHEELER, BROWN & HAY and JOHN T. CREIGHTON, for appellant.

ANDRUS & TRUTTER and STEVENS & HERNDON, for appellee.

MR. JUSTICE FROST delivered the opinion of the court.

This is an appeal from a judgment for $2,500 damages obtained by Della Kornfeld for the death of her husband, Peter C. Kornfeld, in appellant's coal mine March 1, 1910. The declaration alleges in the first count that the roof of 1st B entry in the mine was not safe and defendant disregarded its statutory duty properly to display a danger signal; second, that the defendant wilfully disregarded its duty in permitting Peter Kornfeld to enter and work in said mine, not under the direction of the mine manager. Peter Kornfeld was a driver in defendant's mine at the time of the accident in said B entry, and was then engaged in hauling an empty car upon a track in that entry toward the inside of the mine, and when he was passing somewhere between rooms 17 and 18, perhaps within 8 or 10 feet of the north side of the neck of room 18, going down a two or three per cent grade at a fairly rapid rate of speed, sitting on the right hand front corner of his car, preceded by another driver with a car, his car jumped to the rib side of the entry, knocked out a prop which was supporting one corner of a panel of timbering and let down upon himself the timber and rock supported thereby, and his head was pinioned upon the side of his car by timber, upon which lay a great slab of slate, weighing a ton or more. Kornfeld died there a few minutes thereafter. There was a great quantity of slate at the place of the accident, and many timbers had been displaced. On the rib side, the fall was so great that the car was covered and the space blocked so that one could not get through there nor see in or under the car on that side. On the room side, one could pass; the front wheels were off the track toward the rib side of the entry, and the car was not off the

track on the room side. The prop on the rib side was the one that was knocked down. All but one of the witnesses testified that it was impossible to examine the wheels and track on account of the slate around the car. The track and car are shown to have been in good condition. One witness for appellee testified, "there was a difference," meaning a piece of slate, on the rail on the room side between the front and back wheels, and that the front wheels were off toward the rib side. With the exception of this witness, all the witnesses agreed that it was impossible to tell what caused the accident because of the great amount of debris that had fallen upon and around the car. State Mine Inspector Weeks, who inspected the place, stated it was impossible for him to tell. Many causes could have produced the accident, such as slate falling from the roof between the lagging, or from the rib or side, coal falling from the rib or side or from a preceding car or any substance kicked on the track by the mule running along the side, or the car may have jumped the track from no apparent cause. First entry B was not considered a good entry but it was timbered, lagged and double lagged between Rooms 16 and 20 with lagging 6 to 18 inches apart, many of them lengthwise of the entry and with double lagging running crosswise over that. It was timbered in the customary way and the proof shows it was sufficiently and properly timbered. Voyzey, the mine examiner, testified that he examined the entry that morning, considered it safe, and so reported it. The testimony of the expert witnesses satisfactorily shows that a car, derailed by an obstruction, will jump the track towards the side of the obstruction. One witness for appellee testified that slate fell through the lagging that morning, but this is against the greater weight of the evidence. There was no danger signal in that entry that morning. The mine manager testified he did not see any necessity for

putting a danger signal there as the mine examiner had reported it safe. The great preponderance of the evidence shows that no slate had fallen that morning between rooms 16 and 18, and there had been none on the track or floor on the morning of the accident, or for some time previous thereto, that no slate had fallen since the place had been timbered up after a big fall occurred several months previous to the accident, and that the timbering and roof between rooms 17 and 18 were in reasonably safe condition. In such a state of the proof, appellee should not recover under the first count of her declaration.

As to the second count, is appellant guilty of wilfully permitting Kornfeld to enter the mine to work, not under the direction of the mine manager? The examiner had made an examination and reported to the manager the safety of the entry, and there is no proof in the record to show that Davis, the manager, knew the entry was not safe or ought to have known it. The evidence fails to sustain the contention of the plaintiff under the first or second count of her declaration, and for that reason the judgment should be reversed, and the cause remanded for a new trial.

*Reversed and remanded.*